UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUEL PITTS,<br><br>                        Plaintiff,<br><br>  v.<br><br> UNKNOWN,<br><br>                        Defendant. | Case No.: 23-CV-1812 JLS (KSC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 1, 3, 4) |

Presently before the Court are Plaintiff Jaquel Pitts' Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 3), and Motion for Appointment of Counsel ("Mot.," ECF No. 4).[1] Having carefully considered Plaintiff's Complaint, Plaintiff's submissions, and the

---

[1] All citations to the Complaint, IFP Application, and Motion refer to the blue CM/ECF page numbers stamped to the top margin of each document.

applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[2] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) judicial conference schedule of fees, district court misc. fee schedule ¶ 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff indicates that he has no income of any kind, no employer, no financial accounts, and no assets. IFP Appl. at 1–3. Plaintiff also reports that he has no monthly expenses. *Id.* at 4. Lastly, Plaintiff explains that he is a former foster youth who has at times been homeless and is now indigent. *Id.* at 5. If the information provided by Plaintiff is true, Plaintiff is unquestionably entitled to proceed IFP. *See Escobedo*, 787 F.3d at 1235.

But the information provided in the Complaint is inconsistent with Plaintiff's IFP Application. The Complaint includes a signed, notarized Amendment to Plaintiff's Last Will and Testament, dated July 3, 2023. *See* Compl. at 11–19. In the Amendment, Plaintiff indicates that he has a Bank of America checking account and an Edward Jones account in which he "currently owns stocks with UPS and Goldman Sachs." *Id.* at 12. In the IFP Application, by contrast, Plaintiff reports that he has no accounts in any financial institutions and no assets. IFP Appl. at 2–3. This inconsistency casts some doubt on the truthfulness of Plaintiff's IFP Application.

Furthermore, the Court does not find it credible that Plaintiff has no expenses whatsoever. *See Baker v. United States*, No. C23-1417-RSM, 2023 WL 6041706, at *1 (W.D. Wash. Sept. 14, 2023) ("[I]n indicating he has no expenses, Plaintiff does not provide any information on how he pays for food, shelter, and any other basic life necessities."), *report and recommendation adopted sub nom. Baker v. U.S. Dist. Ct.*, No. C23-1417 RSM, 2023 WL 6038008 (W.D. Wash. Sept. 15, 2023); *Aphrodite v. Rego*, No. 22-CV-1597 JLS (DEB), 2022 WL 17097434, at *1 (S.D. Cal. Nov. 21, 2022) ("The Court finds it incredible that Aphrodite has no assets, income, expenses, or debts whatsoever . . . ."). The Court has routinely granted IFP applications where plaintiffs have indicated that their expenses represent a substantial portion of their monthly income. *See, e.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (WVG), 2022 WL 19830146,

at *1 (S.D. Cal. Oct. 7, 2022). But because it lacks any information regarding Plaintiff's expenses, the Court cannot make such a finding in this case.

Given the inconsistency between Plaintiff's Complaint and Plaintiff's IFP Application—and the lack of detail Plaintiff provides regarding his expenses—Plaintiff has not alleged with sufficient certainty that he would be unable to afford the necessities of life should he be required to pay the requisite filing fee. Accordingly, the Court **DENIES** Plaintiff's IFP Application **WITHOUT PREJUDICE**. Plaintiff may file a new IFP application that (1) explains the inconsistency between his Complaint and IFP Application regarding his financial accounts and stock ownership and (2) provides more information regarding his expenses.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I. Standard of Review

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, a court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27.

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions

that the parties either overlook or elect not to press."). As part of its review under 28 U.S.C. § 1915(e)(2), therefore, a court must determine whether it may exercise subject matter jurisdiction over the plaintiff's claims.

Even where a court determines it has jurisdiction, 28 U.S.C. § 1915(e)(2) requires a court to determine whether a complaint filed by a plaintiff seeking to proceed IFP has failed to state a claim. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To avoid dismissal, a plaintiff's complaint must provide "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Put differently, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint that suggests the "mere possibility of misconduct" or provides "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" does not satisfy *Iqbal*'s plausibility standard. *Id.* at 678–79.

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

/ / /

## II. Plaintiff's Allegations

Plaintiff alleges that he recently attempted to file his will at the probate clerk's office of the Stanley Mosk Courthouse, a Los Angeles outpost of the Superior Court of California.[3] Compl. at 1. According to Plaintiff, the clerk refused to file his will, explaining that California courts do not file a testator's will until the testator is deceased. *Id.* Plaintiff also reports that the California Second District Court of Appeal refused to either file his will or "issue a judgment and order." *Id.* at 3.

Plaintiff insists that "there is no law that [he is] familiar with that restricts a person from filing a will if the person is still living." *Id.* at 1. In support, Plaintiff provides what appears to be a quote from a website: "State laws vary as to when custodians must file a decedent's [w]ill with their local probate courts. Most states allow testators or [w]ill drafters to file their [w]ills with their local probate courts before they die." *Id.* at 2–3. Plaintiff then states, "[d]ue to my sincerely held religious beliefs I am hereby requesting that this court FILE my will." *Id.* at 1. In the alternative, Plaintiff asks this Court to "direct the lower courts" to file his will. *Id.* at 3.

## III. Analysis

### A. Subject-Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). The party asserting jurisdiction—here, Plaintiff—bears the burden of establishing that subject matter jurisdiction exists.

---

[3] Though the Complaint does not describe the Stanley Mosk Courthouse, the Court takes judicial notice of undisputed matters of public record on the courthouse website. *See Stanley Mosk Courthouse Location, Parking and Business Hours*, The Superior Ct. of Cal.: Cnty. of L.A., https://www.lacourt.org/courthouse/info/la (last visited November 1, 2023); *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 623 F. Supp. 3d 1059, 1066 n.3 (C.D. Cal. 2022) ("[A] court may take judicial notice of government-provided information on its official website.").

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action." *Wilkerson v. Butler*, 229 F.R.D. 166, 169 (E.D. Cal. 2005).

While Plaintiff's Complaint is "silent as to jurisdiction," rendering it "subject to dismissal for violation of Rule 8," *Toussaint v. Venante*, No. 22-CV-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022), the Court will liberally construe the Complaint as asserting a claim for injunctive relief under the First Amendment to the United States Constitution. The Court may exercise federal question jurisdiction over such a claim pursuant to 28 U.S.C. § 1331.

### B. Failure to State a Claim

The Free Exercise Clause of the First Amendment, as applied to the States through the Fourteenth Amendment, precludes a State from "prohibiting the free exercise" of religion. U.S. Const. amend. I. This clause prevents state governments from regulating "religious *beliefs* as such"—*e.g.*, "compel[ling] [the] affirmation of religious belief, punish[ing] the expression of religious doctrines [they] believe[] to be false, impos[ing] special disabilities on the basis of religious views or religious status, or lend[ing] [their] power to one or the other side in controversies over religious authority or dogma." *Emp. Div. v. Smith*, 494 U.S. 872, 877 (1990) (citations omitted) (internal quotation marks omitted) (quoting *Sherbert v. Verner*, 374 U.S. 398, 402 (1963)).

The Free Exercise Clause does not, however, "relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability.'" *Id.* at 878–83 (quoting *United States v. Lee*, 455 U.S. 252, 263 n.3 (1982)). Nor does the Free Exercise Clause "require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens." *Bowen v. Roy*, 476 U.S. 693, 699 (1986). Finally, the Free Exercise Clause has no bearing on government action that imposes no burden on a plaintiff's religious exercise. *See Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1876 (2021) (noting that a prerequisite to relief under the Free Exercise Clause is a burden on

religious exercise); *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1393 (9th Cir. 1994) (requiring a plaintiff to "establish that the government has placed a substantial burden on his or her free exercise of religion"); *Harris v. City of Clearlake*, No. 17-CV-05126-YGR, 2017 WL 4517009, at *3 (N.D. Cal. Oct. 10, 2017).

Here, Plaintiff fails to state a Free Exercise claim. Construing the Complaint generously, it appears Plaintiff's religion requires him to receive a masonic burial. *See* Compl. at 6–7. And, Plaintiff seems to contend, the California probate clerk's refusal to file his will burdens said sincerely held religious belief. *See id.* at 1. But Plaintiff is free to seek a masonic burial regardless of when California's probate courts file his will. The courts' alleged policy, therefore, does not "put[] substantial pressure on [Plaintiff] to modify his behavior and to violate his beliefs." *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 718 (1981). And—though it may be true that Plaintiff would have an easier time securing a masonic burial if he were able to file his will prior to his death—the Free Exercise Clause does not obligate California's probate courts to aid Plaintiff in his efforts to secure a masonic burial. *See Bowen*, 476 U.S. at 699 ("Never to our knowledge has the Court interpreted the First Amendment to require the Government *itself* to behave in ways that the individual believes will further his or her spiritual development . . . ."). Based on the facts provided in Plaintiff's Complaint, therefore, Plaintiff has not plausibly alleged a burden on his religious exercise.

Moreover, even assuming the probate court's alleged policy burdens Plaintiff's religious exercise, Plaintiff has not plausibly alleged that the clerk's refusal to allow an exception to said policy violates the Free Exercise Clause. Per Plaintiff, the probate clerk informed him that California probate courts will not file a testator's will unless the testator is deceased. Compl. at 1. Plaintiff has pleaded no facts demonstrating either (1) that California probate courts allow any exceptions to this policy, *see Fulton*, 141 S. Ct. at 1877; or (2) that the "object of [the policy] is to infringe upon or restrict practices because of their religious motivation," *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993). Nor is it apparent from Plaintiff's Complaint that the probate clerk's refusal

violated any of Plaintiff's other constitutional rights. *See Miller v. Reed*, 176 F.3d 1202, 1207 (9th Cir. 1999) (describing "hybrid-rights" claims). Absent any of these three circumstances, *Smith* suggests that a generally applicable government policy does not violate the Free Exercise Clause.

Accordingly, the Court finds that the Complaint as presently pleaded fails to state a claim for violation of the Free Exercise Clause. As Plaintiff has not asserted any other causes of action—and no others are apparent on the face of the Complaint—the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## MOTION TO APPOINT COUNSEL

Generally speaking, there is no constitutional right to appointed counsel in cases where a defendant's interest in physical liberty is not at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to request that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.* (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "The decision to request counsel pursuant to § 1915(e)(1) first requires that the plaintiff has been determined eligible to proceed pursuant to the IFP statute due to his indigency." *Moses v. U.S. Dist. Ct.*, No. 15-CV-01793 BEN (RBB), 2015 WL 13238665, at *2 (S.D. Cal. Nov. 20, 2015) (citing *Agyeman*, 390 F.3d at 1103).

The Court finds that Plaintiff has not satisfied the standard for appointment of counsel under 28 U.S.C. § 1915(e)(1). First, "[a]s Plaintiff has not been afforded IFP status, [Plaintiff] is not entitled to appointment of counsel." *Id.* Second, because the Court has dismissed Plaintiff's Complaint for failure to state a claim, *see supra* at 7–9, the Court is not convinced that Plaintiff is likely to succeed on the merits. Third, though Plaintiff

indicates that he has been diagnosed with "Disruption Disorder," "Adult Attention Deficit Disorder," and "Generalized Anxiety Disorder (with Depression)," *see* Mot. at 3, Plaintiff has not demonstrated that "his . . . disabilities are incapacitating, that he is incompetent, or that his learning disability or mental impairment significantly impedes his ability to articulate his claims or litigate his case." *Torres v. Jorrin*, No. 20CV891-AJB (BLM), 2020 WL 4464445, at *2 (S.D. Cal. Aug. 4, 2020). Instead, Plaintiff's communication with the Court to date demonstrates his ability to articulate the facts and circumstances relevant to his claims. *See id.* at *3. Finally, the Court is not convinced that Plaintiff's case is so complex at this stage that it requires the designation of counsel. *See Agyeman*, 390 F.3d at 1103–04.

The Court therefore finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this early stage of litigation and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. Should circumstances change, Plaintiff may file another motion for appointment of counsel.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 3) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a) and for failure to state a claim under 28 U.S.C. § 1915(e)(2); and

3. Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED WITHOUT PREJUDICE**.

To proceed in this matter, Plaintiff must either (1) pay the requisite filing fees or (2) file a new IFP application clarifying the status of his financial accounts and providing more detail regarding his expenses. In addition, Plaintiff must file an amended complaint curing the deficiencies noted in this Order. Any amended complaint must be complete in itself, without reference to Plaintiff's original Complaint, and any claim not realleged in

10

23-CV-1812 JLS (KSC)

Plaintiff's amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be considered waived).

The Court **GRANTS** Plaintiff <u>forty-five (45) days</u> from the date of this Order to satisfy these requirements.  Should Plaintiff fail to respond adequately by the deadline set forth in this Order, the Court will enter a final order dismissing this action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  November 8, 2023

Hon. Janis L. Sammartino
United States District Judge